# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CORNELIUS MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CV414-030 |
| COASTAL FLOOR COVERINGS, INC., and LARRY TOOTLE, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

In this Fair Labor Standards Act (FLSA) case, 29 U.S.C. § 201 *et seq.*, plaintiff Cornelius Martin sues defendants Coastal Floor Coverings, Inc. (Coastal) and Larry Tootle for unpaid FLSA minimum and overtime wages. Doc. 1 at 7-8. He also brings a state-law, breach-of-contract claim for "failing to pay [him] for multiple months." *Id.* at 8. Defendants move (1) under Fed. R. Civ. P. 56 for summary judgment against Martin's FLSA claims, doc. 15; (2) under Fed. R. Civ. P. 12(b)(1) to dismiss his state-law, breach-of-contract claim, *id.*; (3) under Fed. R. Civ. P. 11 for sanctions because, they contend, Martin advanced a bogus email in support of his Complaint, doc. 24; and (4) under Fed. R. Civ. P.

37 to compel discovery responses and sanction Martin, who proceeds *pro se*, for his complete failure to respond to discovery. Doc. 20. Martin moves to "strike" Tootle's affidavit and defendants' motion to dismiss. Doc. 21. He also moves to "suppress exhibits" attached to their motion for partial summary judgment. Doc. 18. Finally, he moves for equitable tolling of FLSA's statute of limitations. Doc. 23.

## I. SUMMARY JUDGMENT STANDARDS

The Court will first address defendants' summary judgment motion against Martin's FLSA claims. Doc. 15. Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Since the defendants move for summary judgment on Martin's FLSA claims, the Court will view all facts and reasonable inferences in the light most favorable to Martin. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

## II. BACKGROUND

Plaintiff alleges that Tootle hired him to work at Coastal in January 2011 "as a business consultant and sales representative," doc. 1 at 4, "at a rate of $12.50 per hour for 40 hours, a total of $500.00 per week." *Id.* at 1. He says that until "June, 22, 2011, [he] worked a minimum of sixty-two hours every week for [defendants]," for which defendants failed to pay the minimum or overtime wage. *Id.* at 2. Defendants allegedly last sent plaintiff a paycheck on October 15, 2013, over two years after his employment with defendants ended. *Id.* at 2. He swears "that . . . failure to honor the FLSA by [defendants]" and thus pay him overtime wages "constitute[s] a willful violation." *Id.*

Tootle, Coastal's chief executive officer, attests that he first hired Martin in 2010 while he was incarcerated, but eligible for a work-release program. Doc. 15-1 at 1-2. After several months, Martin quit. *Id.* at 2. He returned on January 8, 2011, and Tootle rehired him. *Id.* at 3. He and Tootle agreed that Martin could operate his legal-research and car export businesses from a desk at Coastal, but he "would [also] work for Coastal as needed and when his personal businesses allowed it." *Id.*

3

For the next several months, Martin ran his own businesses out of Coastal, occasionally selling floor coverings and earning commissions on those sales. Doc. 15-1 at 4. "Because of [Martin's] unusual relationship with Coastal, his running of his own businesses while he was physically present at Coastal, his interest more in buying Coastal than in working for Coastal, his working for Coastal only when he chose to do so because his priority was his own businesses, [Tootle] never thought that [plaintiff] was an employee subject to the [FLSA]." *Id.* at 5; doc. 15-2 at 2 (Coastal's general manager: "He worked for Coastal only as needed and only when his personal business allowed him to."); *see also id.* at 3 (because of that arrangement, she never thought of him as an employee subject to FLSA); doc. 15-3 (Coastal's accounting manager's affidavit echoing the general manager's perception/conclusion).

As for Martin's compensation, says Tootle: "He and I agreed that Coastal would pay him a sales commission on any floor covering that he sold. We agreed that Coastal would pay him compensation for the other work that he did for the business. The compensation was paid in the form of payment for his lodging at [a local hotel]." Doc. 15-1 at 4. Martin has submitted no Rule-56-competent rebuttal to this.

On June 22, 2011, FBI agents arrested Martin at Coastal. Doc. 15-1 at 5. He "was terminated from any business dealing with Coastal that day" and never returned. *Id.* at 5-6. Hence, his commission pay and "lodging compensation" ended on June 22, 2011. *Id.* Two years and eight months later, he filed this case. Doc. 1.

## III. ANALYSIS

Coastal assumes *arguendo* that Martin was a formal, full-time FLSA employee entitled to minimum and overtime wages, but argues that his FLSA claims are barred by the statute of limitations. Doc. 15 at 6. FLSA minimum wage claims must be brought within two years, or three if there was "a willful violation." 29 U.S.C. § 255(a); *Kaplan v. Code Blue Billing & Coding, Inc.*, 504 F. App'x 831, 832 (11th Cir. 2013). Similarly, "[t]he statute of limitations for claims seeking unpaid overtime wages generally is two years, but if the claim is one 'arising out of a willful violation,' another year is added to it. 29 U.S.C. § 255(a)." *Brantley v. Ferrell Elec., Inc.*, 2015 WL 3541552 at * 24 (S.D. Ga. May 29, 2015); *accord Perry v. Zinn Petroleum Companies, LLC*, 495 F. App'x 981, 984 n. 3 (11th Cir. 2012).

"Claims for minimum wage compensation under the FLSA accrue on the date the employee should have been paid." *Maksymowicz v. Weisman & Calderon, LLP*, 2014 WL 1760319 (S.D.N.Y. May 2, 2014) (quotes and cite omitted). And an unpaid overtime claim "accrues at the end of each pay period when it is not paid." *Martin v. United States*, 117 Fed. Cl. 611, 618 (Fed. Cl. 2014). The FLSA is violated "each time the [employer] issue[s] [the] plaintiff a paycheck that fail[s] to include payment for overtime hours actually worked . . . . Each failure to pay overtime constitutes a new violation of the FLSA." *Knight v. Columbus, Ga.*, 19 F.3d 579, 581 (11th Cir. 1994) (cites omitted). Thus, "[t]he date of an employee's termination is irrelevant to the limitations period applicable to FLSA claims alleging a failure to pay overtime wages; the relevant event triggering the limitations period is instead the date on which an employee received the paycheck that he alleges failed to incorporate the overtime wages he was due." *Washington v. Carter's Retail, Inc.*, 2014 WL 6473673 at * 4 (M.D. Fla. Nov. 18, 2014).

Martin has failed to rebut defendant's summary judgment showing that he last worked in the year of his arrest (2011) and that he then received his contemporaneous (motel lodging) payment. Indeed, his own

Complaint exhibit shows he last worked on June 22, 2011. Doc. 1-2. Accordingly, his claim accrued in 2011, and absent a willfulness showing, it is time-barred under the two-year limit. A FLSA violation is "willful" if the employer knew its conduct violated the statute or acted with reckless disregard as to whether its conduct was prohibited under the statute. *Reich v. Dept. of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076, 1084 (11th Cir. 1994); *Boyle v. City of Pell*, 2015 WL 1883804 at * 3 (N.D. Ala. Apr. 24, 2015). "Courts have found employers willfully violated FLSA where they ignored specific warnings that they were out of compliance, destroyed or withheld records to block investigations into their employment practices, or split employees' hours between two companies' books to conceal their overtime work." *Hantz v. Prospect Mortg., LLC*, 11 F. Supp. 3d 612, 617 (E.D. Va. 2014).

It is Martin's burden to prove willfulness. *See Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902-03 (11th Cir. 2012) (farm employer's FLSA violation was not willful, as would extend two-year statute of limitations in seasonal farmworker's suit to three years, since employer had discharged its FLSA obligations in good faith). It is also his burden to *respond* to a supported motion. L.R. 7.5 ("Failure to

respond within the applicable time period shall indicate that there is no opposition to a motion.").[1]

He has done neither. Instead, he rests only on his unverified *Complaint*, where he insists Coastal's failure to pay him overtime was willful. Doc. 1 at 7 ¶ 20 ("Upon information and belief" defendants failed to keep wage/hour records); *id.* ¶ 21 ("Defendants acted willfully in failing to pay the minimum wage required by the FLSA"). But a non-movant cannot rest on his pleadings when faced with a moving party's fully supported motion, *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986), particularly where, as here, he relies on conclusions. Doc. 1 at 7.[2]

---

[1] The same would be said for rebutting the defendants' Local Rule 56.1 statement, L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party."), had they filed one. They did not.

[2] FLSA plaintiffs, for that matter, routinely cite to FLSA-coverage evidence. *See, e.g.*, *Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013) (error to rule for the employer on the issue of willfulness where the plaintiff introduced evidence that her employer (1) knew of the hourly wage laws, but failed to investigate whether they complied with those laws; (2) did not sign a contract with the plaintiff; and (3) did not record her working hours, among other facts); *Swan v. Nick Grp., Inc.*, 2013 WL 5200508 at * 7 (N.D. Ga. Sept. 13, 2013) (denying the employer's summary judgment motion on willfulness issue because a reasonable jury could conclude that the employer was aware of the FLSA and chose not to investigate its applicability to the plaintiffs, where the evidence showed the employer paid overtime to some employees but decided not to require the plaintiffs to record their hours). Martin, in contrast, cites no such evidence. Nor can he rest on his pleadings. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact). In fact, Martin has cited to no Rule-56-competent materials. The "2013" email attached to his

Martin moves to "strike" Tootle's affidavit and defendants' motion to dismiss. Doc. 21 at 4. His motion, however is simply a set of *unsworn* irrelevancies. It fails to rebut the defendants' fully supported (*i.e.,* by sworn affidavits) summary judgment motion. Put another way, Martin has failed to rebut defendants' showing that he was last compensated in June 2011, which means his FLSA claims are untimely.

Martins' "Strike" motion (doc. 21) is thus **DENIED**, and Martin is reminded of two things. First, to advance personal-knowledge, *materially relevant* facts one typically uses a notarized affidavit or a 28 U.S.C. § 1746 Declaration (to declare one's assertions to be true under penalty of perjury), or otherwise show that the medium conveying those facts is reducible to admissible evidence. *Macuba v. Deboer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999); *Smith v. E-Backgroundchecks.com, Inc.*, \_\_\_ F. Supp. 3d \_\_\_, 2015 WL 1442677 at * 17 n. 2 (N.D. Ga. Jan. 20, 2015); *Dejarnett v. Willis*, 976 F. Supp. 2d 1271, 1288 (M.D. Ala. 2013); *see* Fed. R. Civ. P. 56(c)(1)(A). Martin has not done that here but has

---

Complaint, for example, speaks nothing of wages, only a "recap" of money distributions that are consistent with the car trading business that Tootle swears Martin ran from his desk. Doc. 1-1. Nor, for that matter, does Martin show how that email page could be reduced to admissible evidence at trial, and thus be considered on summary judgment.

instead simply lobbed a mass of unsworn assertions about irrelevant matters. Doc. 21 at 1-4.

Second, Martin must: (a) abide by all procedural rules, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); and (b) not lie under oath, either live or "on paper," which is a criminally prosecutable offense.[3] *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his

---

[3] Martin, whose name shows up in various forms in court filings (*see, e.g.*, doc. 18 at 1 ("Cornelius Martin")) is a felony-convicted fraudster. *See United States v. Martin*, CR411-162 at 1 (federal wire fraud), where he is identified as "Cornelius Coleman Martin II," *id.*; *see also Martin v. Olens*, CV411-279 doc. 16 at 1 (S.D. Ga. July 24, 2012) (recounting Georgia conviction plus then pending Florida charges against him).

conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).[4]

Martin moves for "equitable tolling." Doc. 23. It is **DENIED** because he has not met even the basic minimum requirements for that. To qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented him from filing his claim on time, and that he acted with reasonable diligence throughout the period he seeks to toll. *Parada v. Banco Industrial De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014). Martin has established neither extraordinary circumstances nor reasonable diligence.

Finally, it is a matter of judicial discretion whether to exercise supplemental jurisdiction over any state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(a), c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009); *Grimshaw v. Metropolitan Life Ins. Co.*, 450 F. App'x 886, 886 (11th Cir. 2012). Upon the evaporation of Martin's federal (FLSA) claims, the Court should decline to retain

---

[4] It follows that, any Fed. R. Civ. P. 72(b) Objection from Martin must be supported by a notarized affidavit or § 1746 Declaration.

supplemental jurisdiction over, and thus **DISMISS WITHOUT PREJUDICE**, Martin's breach of contract claim. Doc. 1 at 8-9. Hence, it should **GRANT** defendants' motion to dismiss on that score. Doc. 15 at 20.

## IV. CONCLUSION

Defendants therefore are entitled to summary judgment on Martin's FLSA claims, doc. 15, and thus dismissal of his contract claim without prejudice. Hence, their motion to dismiss (and for summary judgment) should be **GRANTED**. Doc. 15. The Court **DENIES** defendants' other motions (docs. 20 & 24) without prejudice to renew them following the district judge's ruling on this Report and Recommendation.[5] Plaintiff's various motions are **DENIED** as baseless. Docs. 18, 21 & 23.

**SO REPORTED AND RECOMMENDED** this 9th day of July, 2015.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] Should the district judge adopt this R&R, their discovery motion will be moot, except for the sanctions portion of it. And although their Rule 11 motion also won't be moot, the defendants nevertheless will have a moment to consider whether further pursuit (*e.g.*, for a monetary sanctions award) will be worth their effort.